NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AYDET LOPEZ PENALOZA; et al., | No. 18-71304 |
| Petitioners, | Agency Nos. A206-913-725 |
| v. | A206-913-726 |
| | A206-913-727 |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2021**

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

Lead petitioner Aydet Lopez Penaloza ("Petitioner") and two minor children

timely seek review of the Board of Immigration Appeals' ("BIA") dismissal of

their appeal of an immigration judge's ("IJ") denial of asylum, withholding of

removal, and relief under the Convention Against Torture. Reviewing for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, J.R. v. Barr, 975 F.3d 778, 781 (9th Cir. 2020), we deny the petition in part, dismiss the petition in part, grant the petition in part, and remand for further proceedings.

1. Substantial evidence does not support the BIA's conclusion that Petitioner "was able to leave her relationship with [her abusive partner,] Jorge[,] and thus is not a member of her proposed particular social group defined as 'Mexican women who are in a domestic partnership who are unable to leave their partners.'"

The BIA's analysis rested on a plainly erroneous understanding of the record. In particular, the BIA stated that, after Petitioner returned to the same town where Jorge lived, "Jorge would verbally harass [her] on occasion when he saw her around town, but he did not physically harm her or attempt to force her to return to a domestic relationship." Substantial evidence does not support the final contention. Jorge attempted to force Petitioner to return to the relationship by following her; telling her that either he or someone else would be following her; and telling her that, as the IJ characterized it, "one day or another, she would end up being back with him." As Petitioner credibly testified, in the full context of the abusive relationship, that statement was a threat that, in effect, she had better return to the relationship. On remand, the BIA may reconsider—with a proper

understanding of the record—whether Petitioner was able to leave the relationship successfully.

2.  Because the BIA expressly declined to reach the IJ's alternative holdings, we lack jurisdiction to consider them.  Navas v. INS, 217 F.3d 646, 658 n.16 (9th Cir. 2000).

3.  Substantial evidence supports the BIA's conclusion that Petitioner is not entitled to relief under the Convention Against Torture.

The parties shall bear their own costs on appeal.

**DENIED in part, DISMISSED in part, GRANTED in part, and REMANDED for further proceedings.**